IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DANIAL ROBERT SPEED,
      Plaintiff,

vs.                         Case No.: 5:15cv108/WS/EMT

M. JACKSON, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 10).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

An inmate at Calhoun Correctional Institution ("CCI"), Plaintiff alleges that on March 9, 2015, he "fell into a seizure" while in his cell (ECF No. 1 at 8). Then, as Plaintiff explains, "[a] medical emergency was called based on my observable behavior. I was then cuffed behind my back and laid on my cuffed hands on a strecher [sic] and taken to medical" (*id.*). Plaintiff acknowledges that he had no medical history of seizures (*id.*). Defendants evidently did not view the episode as that of a seizure but found him to be under the influence of drugs. To that end, they took him to an isolation cell and attempted to collect a urine specimen from him (*id.*). Plaintiff said he was unable to urinate, and then he subsequently blacked out and was unable to remember any other events.

Defendant officers, however, stated that Plaintiff signed the consent form for the urinalysis and that he admitted to smoking "K-2" a synthetic form of marijuana (*id.*).

Plaintiff was given a Disciplinary Report ("DR") for his drug use, which was verified by the positive results of the drug test and drugs and/or paraphernalia found in his locker (*id.* at 8, 13). However, Plaintiff challenges the veracity of the DR on grounds that he was incapacitated due to the seizure at the time he signed the consent form for the drug test (*id.* at 8). Consequently, Plaintiff claims a violation of his right to constitutional due process relative to the DR. In conclusory fashion, Plaintiff claims that the use of handcuffs on him during the alleged seizure caused him "pain going through my hand" and therefore constituted cruel and unusual punishment under the Eighth Amendment (*id.* at 9-10).

As relief, Plaintiff seeks "compensation" for physical and mental abuse, and he seeks restoration of the gain time he evidently lost as a result of the DR.

An Eighth Amendment claim of cruel and unusual punishment has a subjective and an objective component. Under the subjective component, it must be shown that prison officials' actions amounted to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084, 89 L. Ed. 2d 251 (1986). "Force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (quoting Whitley, 475 U.S. at 320–21). Thus, mere negligence on the part of an official is insufficient to establish a claim of cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force; the relationship between that need and the amount of force used; the extent of the threat to the safety of staff and inmates, as reasonably perceived by officials; the extent of injury; and any efforts made to temper the severity of the response." Hudson v. McMillian, 503 U.S. 1, 7–8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *see also* Whitley, 475 U.S. at 321; Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999).

From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." <u>Whitley</u>, 475 U.S. at 321 (quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973)). The Court in <u>Whitley</u> narrowed the precise inquiry applicable when deciding whether officials are entitled to judgment as a matter of law:

> courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

<u>Whitley</u>, 475 U.S. at 322 (emphasis added).

The above factors should also be considered with deference to the fact that maintaining institutional security and preserving internal order and discipline are essential goals of a prison administration. <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979). Because prison officials must be free to take appropriate action to ensure the safety of inmates and staff, courts normally will not second-guess them on matters involving internal security. <u>Wilson v. Blankenship</u>, 163 F.3d 1284 (11th Cir. 1998); <u>Brown v. Smith</u>, 813 F.2d 1187, 1188 (11th Cir. 1987).

Second, there exists an "objective component" that determines if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *See* <u>Wilson v. Seiter</u>, 501 U.S. 294, 303, 111 S. Ct. 2321, 2326, 115 L. Ed. 2d 271 (1991). In situations involving allegations of excessive force, the Supreme Court has abrogated any requirement that the resulting injury be "significant." <u>Hudson</u>, 503 U.S. at 9. However, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (quotation omitted). "[Excluded] from constitutional recognition [are] de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.*, 503 U.S. at 9–10 (quotation marks and citation omitted); <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000) ("[A] minimal amount of force and injury . . . will not defeat an officer's qualified immunity."). The Eleventh Circuit has repeatedly held that a push or shove that causes pain and necessitates no or merely minor medical treatment is not a constitutional violation, even where the

prisoner was restrained and no further force was necessary.  *See, e.g.*, Jones v. City of Dothan, 121 F.3d 1456, 1460–61 (11th Cir. 1997); Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993), *modified*, 14 F.3d 583 (11th Cir. 1994).  Furthermore, a conclusory allegation that the prisoner suffered serious injury should be discounted, and the absence of further evidence of injury justifies the conclusion that the use of force on the prisoner was minimal.  Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987); Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990).

The ordinary use of handcuffs to restrain an inmate does not amount to cruel and unusual punishment.  *See* Hall v. Santa Rosa Correctional Institution, 403 F. App'x 479, 482 (11th Cir. 2010) (officers who forced inmate's hands behind his back to apply handcuffs after inmate refused orders and became combative "did not use unconstitutional excessive force [and] no constitutional violation occurred"); Sepulveda v. Burnside, 170 F. App'x 119, 124 (11th Cir. 2006) (claim that officer on one occasion jerked inmate by the ankle while checking his leg shackles was de minimis use of force); *see also* Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000) (concluding that force used during law enforcement officer's arrest of individual, including painful handcuffing, was not excessive when force and resulting injury were minimal); Gold v. City of Miami, 121 F.3d 1442, 1446–47 (11th Cir. 1997) (holding that plaintiff's pain and skin abrasions from handcuffs reflected a minimal amount of force was used to apply the handcuffs); *but see* Clark v. Argutto, 221 F. App'x 819, 825–26 (11th Cir. 2007) (issues of fact remain as to whether excessive force was used where officer repeatedly tightened inmate's hand restraints in response to inmate's complaints of pain and numbness and kicked restrained inmate to the floor hard enough that inmate hit his head and became dazed and disoriented, and injuries included abrasions and scarring, nerve damage, and a possible cyst).

Under both components of these standards, Plaintiff fails to state a claim for relief.  He describes no more than the simple use of handcuffs during his transit to medical, which, as per Plaintiff's conclusory assertion, resulted only in "pain going through [his] hand."  Thus, the court finds that only a de minimis amount of force was applied.  Morever, given that Plaintiff alleges he was undergoing a seizure at the time, the need for the restraint of handcuffs during his transport to medical cannot be viewed as excessive.  Even if the handcuffs might have proven to be unnecessary, or might have been the result of the officers misperceiving Plaintiff's seizure as drug intoxication

(and, after all, Plaintiff by his own admission had no history of seizures), this establishes only negligent behavior on their part, not the sort of wanton behavior necessary to establish cruel and unusual punishment under the Eighth Amendment. *See* Farmer v. Brennan, 511 U.S. 825, 835 (1994). Finally, Plaintiff seems to suggest that he was mishandled by the officers because he was having a seizure at the time he was handcuffed, and this exacerbated his hand injury. However, this is simply a further example of negligence, the officers cannot be found to have committed a constitutional wrong simply because Plaintiff was caused greater harm than would be ordinarily anticipated. *See* Rodriguez v. Farrell, 280 F.3d 1341, 1353 (11th Cir. 2002) ("[w]hat would ordinarily be considered reasonable force does not become excessive force when the force aggravates (however severely) a pre-existing condition the extent of which was unknown to the officer at the time"); Murphy v. Turpin, 159 F. App'x 945, 948 (11th Cir. 2005) (finding no Eighth Amendment violation where the plaintiff was handcuffed and placed in proximity with another inmate who, without any indication that the other inmate would act aggressively toward the plaintiff or that there was any conflict between the two, proceeded to assault the plaintiff).

Moreover, Plaintiff's claims are subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny. The Supreme Court has held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also* Wolff v. McDonnell, 418 U.S. 539, 554, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

As provided in Preiser, the sole remedy in federal court for a prisoner seeking to restore good-time credits or to otherwise shorten the execution of his sentence is through a writ of habeas corpus. Preiser, 411 U.S. at 500; *see also* Wolff, 418 U.S. at 539. By extension of this general principle, the Supreme Court held in Heck that in order to pursue a civil rights action for damages based on an unlawful or invalid conviction or sentence, the litigant must first prove, through habeas corpus, that the conviction or sentence has been overturned. *See* Heck, 512 U.S. at 486–87. If the civil rights action is brought prior to the invalidation of the challenged conviction or sentence, the action must be dismissed as premature. *Id.* at 487, 114 S. Ct. at 2372. Then, in Edwards v. Balisok, the Supreme Court further extended the holding that Heck, finding that Heck applies to damages claims brought by a prisoner that would necessarily imply the invalidity of disciplinary

determinations affecting the duration of time to be served, even if the prisoner does not explicitly seek to restore his prison gain time or to otherwise shorten his sentence. 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

In the instant case, Plaintiff appears to seek monetary damages and, even more importantly, the restoration of the gain time he lost as a result of the DR levied against him for his alleged drug use. Plaintiff's prayer for lost gain time obviously seeks relief in the nature of habeas corpus, and his claim for damages cannot be realized unless he were able to successfully overturn his DR, which under Edwards v. Balisok precludes him from bringing such a claim.[1]

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. That all pending motions be denied as moot.

At Pensacola, Florida, this 24th day of November 2015.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] It is evident from the complaint (and attachments thereto) that Plaintiff has not successfully overturned the DR at issue (*see* ECF No. 1 & attachs.).

Case No.: 5:15cv108/WS/EMT